DICKINSON WRIGHT RLLP
Mark H. Rogge (SBN 298381)
800 W. California Avenue, Suite 110
Sunnyvale, CA 94086
Telephone: (408) 701-6200
Facsimile: (844) 670-6009
mrogge@dickinsonwright.com

DICKINSON WRIGHT PLLC
Christopher A. Mitchell (to be admitted *pro hac vice*)
200 Ottawa Ave NE, Suite 1000
Grand Rapids, MI 49503
(616) 336-1058
cmitchell@dickinsonwright.com

*Attorneys for Plaintiff
Cellulose Material Solutions, LLC*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CELLULOSE MATERIAL SOLUTIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>SC MARKETING GROUP, INC.,<br><br>Defendant. | CASE NO.: 3:22-cv-03141<br><br>**COMPLAINT FOR DIRECT AND INDIRECT INFRINGEMENT OF UNITED STATES PATENT 11,078,007, AND FALSE MARKING**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff CELLULOSE MATERIAL SOLUTIONS, LLC ("CMS"), by and through its attorneys, and for its Complaint against SC MARKETING GROUP, INC., d/b/a THERMAL SHIPPING SOLUTIONS, INC. ("TSS"), states:

**INTRODUCTION**

1. This case arises out of TSS's infringement, both direct and indirect, of CMS's patent for "Thermoplastic Packaging Insulation Products and Methods of Making and Using

Complaint for Patent Infringement        1

1. Same," US Patent No. 11,078,007 ("'007 Patent"). A copy of the '007 Patent is attached as Exhibit A.

2. TSS has begun selling, and offering for sale, a thermoplastic, packaging-insulation liner-product, branded under the name RENEWLINER, which infringes the '007 Patent.

3. TSS's customers who purchase the RENEWLINER product and use it in the manner for which it is promoted by TSS are also directly infringing the '007 Patent. TSS has knowledge that such use of the RENEWLINER product by its customers infringes the '007 Patent. Consequently, TSS is contributing to, or inducing, such direct infringement of the '007 Patent by its customers.

4. The Court should enjoin TSS from further infringement of the '007 Patent, both direct and indirect, and should compensate CMS for the damage caused to it by TSS's infringement as complained of herein.

## THE PARTIES

5. CMS is a Michigan limited liability company headquartered in Jenison, Michigan.

6. On information and belief, TSS is a Nevada corporation with a place of business at 1196 Simmons Ln, Novato, California 94945, within this judicial district.

## JURISDICTION AND VENUE

7. This is a complaint for direct and indirect patent infringement arising under the Patent Act, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this Court under 28 U.S.C. § 1400(b), including because TSS resides in or has a regular and established place of business in this judicial District, because TSS has committed acts of infringement in this District, directly and/or through one or more third

parties, and because TSS manufacturers, makes, imports, sells, offers to sell or uses the RENEWLINER product within this judicial District. TSS has purposefully directed its activities to this State and this District and/or purposefully availed itself of this jurisdiction.

9. This Court has personal jurisdiction over TSS for the reasons identified above and according to the laws of the United States.

## DIVISIONAL ASSIGNMENT

10. This case is an Intellectual Property Rights action under Civil Local Rule 3-2(c) and General Order No. 44 and pursuant to Civil Local Rule 3-5(b), shall be assigned on a district-wide basis.

## FACTS COMMON TO ALL COUNTS

11. The '007 Patent issued on August 3, 2021.

12. CMS is the owner, by assignment, of the entire right, title, and interest in and to the '007 Patent.

13. The '007 Patent's claims protect certain package insulation materials, methods of insulating packaging containers, and a product shipping combination.

14. CMS is a leading manufacturer of various insulation products, including the INFINITYCORE®-brand thermoplastic packaging products.

15. The INFINITYCORE® products, exemplified in the photograph below, are an improved alternative to traditional packaging insulation products.

/ / /

/ / /

/ / /

/ / /



16. CMS's INFINITYCORE® products offer an industry-first packaging-material solution that, unlike other packaging products, is comprised of a polyethylene ("PET") core sandwiched between PET films. The INFINITYCORE® products are effective at insulating package contents to maintain temperatures so as to preserve the freshness, and preventing spoilage, of perishable items. This reduces or even eliminates the need for utilizing the refrigerant packs that are commonplace with conventional insulated packaging materials. Because of their construction, the INFINITYCORE® products are also completely recyclable.

17. CMS has realized commercial success from its INFINITYCORE® products, which enjoy an excellent reputation among CMS's customers. The INFINITYCORE® products have achieved significant popularity among subscription-based meal-kit companies, such as HELLO FRESH®, among others, owing to various beneficial aspects of the CMS products.

18. CMS manufactures its patented INFINITYCORE® products in Jenison, Michigan. Due to ever-increasing demand, CMS also subcontracts with third parties to manufacture the INFINITYCORE® products for and on behalf of CMS.

19. CMS's INFINITYCORE® products, as well as the use thereof, are covered by one or more claims of the '007 Patent.

20. CMS invested significant time and resources into developing its patented INFINITYCORE® products.

21. TSS is a competitor of CMS in the market for thermal packaging products.

22. TSS's president and owner is Salvatore "Sal" Cardinale.

23  TSS approached CMS a number of years ago, inquiring about some of CMS's products at the time. In the course of the ensuing relationship between the parties, CMS made a confidential disclosure to TSS of the product that ultimately became the INFINITYCORE® product.

24. As already stated above, TSS has begun selling, and offering for sale, a thermoplastic, packaging-insulation liner-product branded under the name RENEWLINER. The RENEWLINER product is shown and described in TSS's promotional literature, attached as Exhibit B, which literature TSS has previously been made available online at https://www.thermalshipping.com/Attachment/DownloadFile?downloadId=2. An image of the RENEWLINER product, previously taken from TSS's own website (https://www.thermalshipping.com/renewliner), is reproduced below.



Complaint for Patent Infringement                5

25. TSS's RENEWLINER product is described in its product literature as being manufactured from 100% PET.

26. CMS has evaluated samples of TSS's RENEWLINER product, and a photograph of one such sample is shown below.



27. Based on available information, including CMS's own review and inspection thereof, TSS's RENEWLINER product is copied from and highly similar, if not identical, to CMS's INFINITYCORE® products, and both are covered by claims of the '007 Patent.

28. Based on available information, including CMS's own review and inspection thereof, TSS's RENEWLINER product directly infringers one or more claims of the '007 Patent.

29. On information and belief, TSS developed the infringing RENEWLINER product using confidential information received in consequence of a brief business relationship with CMS.

30. TSS offers to sell, and sells, the infringing RENEWLINER product to customers in the United States. On information and belief, TSS does not itself manufacture the RENEWLINER product but, rather, contracts with various third party manufacturers to produce the RENEWLINER product for TSS's customers.

/ / /

31. On January 18, 2018, during the pendency of the application which ultimately resulted in the '007 Patent, counsel for CMS wrote to counsel for TSS to advise that the TSS RENEWLINER product satisfied claims of that application.

32. On November 11, 2021, following the August 3, 2021 issuance of the '007 Patent, counsel for CMS wrote to counsel for TSS to advise that the RENEWLINER product infringed one or more claims of the '007 Patent.

33. On January 26, 2022, CMS filed *Cellulose Materials Solutions, LLC v. Thermal Shipping Solutions, Inc.,* C.A. No. 1:22-CV-00073, ECF No. 1 (W.D. Mich. January 26, 2022). CMS is voluntarily dismissing that case and filing this substantially similar complaint.

34. TSS marks the RENEWLINER product as "Patent Pending."

35. On information and belief, the TSS RENEWLINER product is not, in fact, the subject of a pending patent application.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF 35 U.S.C. § 271 –**
**DIRECT INFRINGEMENT OF THE '007 PATENT**

36. CMS incorporates the above paragraphs as though fully set forth herein.

37. In violation of 35 U.S.C. § 271, TSS has infringed and continues to infringe, literally or under the doctrine of equivalents, at least claims 1 and 20 of the '007 Patent by one or more of the acts of making, using, selling, or offering for sale within the United States, or importing into the United States, one or more packaging insulation products, including but not limited to the RENEWLINER product, that are covered by at least claims 1 and 20 of the '007 Patent.

38. In satisfaction of at least claim 1 of the '007 Patent, the RENEWLINER product provided by TSS to its customers is, on information and belief, characterized by the following

features, either literally or under the doctrine of equivalents: (i) The TSS RENEWLINER product is a flat laminated packaging insulation which is of uniform thickness, resiliently compressible and foldable, and cut to size for locating in a packaging container; (ii) the RENEWLINER product comprises an air laid, thermoplastic fibrous batt that is primarily of thermoplastic fibers, is of uniform thickness, is resiliently compressible and foldable, and has a foldable thermoplastic film material adhered to both sides of the batt to form a laminate which can be folded without the need for creases, grooves or cut lines in the laminate to facilitate folding; and (iii) the RENEWLINER product can be manufactured, compressed and shipped as a flat panel, and allowed to resiliently expand and be folded for insertion into a packaging container.

39.   In satisfaction of at least claim 20 of the '007 Patent, the TSS RENEWLINER product is characterized by the following features, either literally or under the doctrine of equivalents: (i) The TSS RENEWLINER product is a flat laminated packaging insulation which is of uniform thickness, resiliently compressible and foldable, and cut to size for locating in a packaging container; (ii) the RENEWLINER product comprises a thermoplastic fibrous batt that is primarily of thermoplastic fibers, is of uniform thickness, is resiliently compressible and foldable, and has a foldable thermoplastic film material adhered to both sides of the batt to form a laminate which can be folded without the need for creases, grooves or cut lines in the laminate to facilitate folding; and (iii) the RENEWLINER product can be manufactured, compressed and shipped as a flat panel, and allowed to resiliently expand and be folded for insertion into a packaging container.

40.   As a direct and proximate consequence of TSS's complained-of infringement, CMS has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will

continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, including lost profits, but in no event less than a reasonable royalty.

41. CMS is entitled to and claims all damages allowable by law, including injunctive relief, adequate compensation for the infringement, costs, interest, attorney fees, and for the sales of infringing product as well as the sales of any accessory/ancillary products.

42. TSS's complained-of infringement is further causing, and will continue to cause, CMS irreparable harm, for which there is no adequate remedy at law. Unless and until enjoined by this Court, TSS will continue to infringe the '007 Patent. Under 35 U.S.C. § 283, CMS is entitled to an injunction against further infringement.

43. TSS's infringement as complained of herein was undertaken without permission or license under CMS's '007 Patent.

44. Additionally, on information and belief, TSS knows, and prior to the filing of this Complaint has known, that its RENEWLINER product infringes at least claims 1 and 20 of the '007 Patent.

45. On information and belief, TSS's infringement of at least claims 1 and 20 of the '007 Patent is, and has been, willful. CMS has been damaged as the result of TSS's willful infringement, and seeks increased damages, up to and including treble damages, in consequence of such willful infringement.

**SECOND CAUSE OF ACTION:
VIOLATION OF 35 U.S.C. § 271 –
<u>INDIRECT INFRINGEMENT OF THE '007 PATENT</u>**

46. CMS incorporates the above paragraphs as though fully set forth herein.

47. TSS has indirectly infringed at least claim 23 of the '007 Patent by inducing others, including at least its customers and other end-users of the RENEWLINER product, to directly infringe at least claim 23 of the '007 Patent.

48. On information and belief, TSS intentionally took actions that induced others, including at least its customers and other end-users of the RENEWLINER product, to directly infringe at least claim 23 of the '007 Patent.

49. TSS has known of the '007 Patent since at least as early as November 11, 2021, and has induced infringements infringement of that patent since at least that time.

50. TSS's actions demonstrate an intent to cause the acts that form the basis of the direct infringement, and that TSS did so with the specific intent to infringe the '007 Patent.

51. TSS has also contributed to the direct infringement of at least claim 23 of the '007 Patent by others, including at least its customers and other end-users of the RENEWLINER product. For example, TSS's customers and/or the end users have purchased the RENEWLINER product from TSS and used that product in combination with packaging containers.

52. TSS has contributorily infringed and is a contributory infringer because, with knowledge of the '007 Patent, it supplies the RENEWLINER product, which comprise a material part of the combination of claim 23 of the '007 Patent, where the RENEWLINER product is not a staple article of commerce, and has no substantial non-infringing uses.

53. TSS knew, and does know, that the RENEWLINER product was, and is, especially made or adapted for use in a manner that would infringe at least claim 23 of the '007 Patent.

54. As a direct and proximate consequence of TSS's complained-of indirect infringement, CMS has been, is being, and, unless such acts and practices are enjoined by the

Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, including lost profits, but in no event less than a reasonable royalty.

55. CMS is entitled to and claims all damages allowable by law, including injunctive relief, adequate compensation for the infringement, costs, interest, and attorney fees.

56. TSS's complained-of infringement is further causing, and will continue to cause, CMS irreparable harm, for which there is no adequate remedy at law.  Unless and until enjoined by this Court, TSS will continue to indirectly infringe the '007 Patent.  Under 35 U.S.C. § 283, CMS is entitled to an injunction against such further infringement.

57. TSS's infringement as complained of herein was undertaken without permission or license under CMS's '007 Patent.

58. On information and belief, TSS's infringement of the '007 Patent as complained of herein is, and has been, willful.  CMS has been damaged as the result of TSS's willful infringement, and seeks increased damages, up to and including treble damages, in consequence of such willful infringement.

**THIRD CAUSE OF ACTION:
VIOLATION OF 35 U.S.C. § 292 –
<u>FALSE MARKING</u>**

59. CMS incorporates the above paragraphs as though fully set forth herein.

60. TSS marks the RENEWLINER product as "Patent Pending."

61. On information and belief, the TSS RENEWLINER product is not, in fact, the subject of a pending patent application.

62. TSS's marking of the RENEWLINER product as "Patent Pending" is false and, thus, in violation of 35 U.S.C. § 292.

63. CMS has suffered a competitive injury as a result of TSS's false marking of the RENEWLINER product and seeks the recovery of damages adequate to compensate for such injury.

**PRAYER FOR RELIEF**

WHEREFORE, CMS respectfully requests that this Honorable Court:

a) Issue a judgment that TSS is liable for direct and/or indirect infringement of one of more claims of the '007 Patent;

b) Issue an injunction prohibiting TSS and its agents, servants, employees, attorneys, and any other persons who are in active concert or participation with any of them from engaging in further actions to infringe the '007 Patent, including but not limited to making, using, selling, manufacturing, advertising, marketing, attempting to sell, or importing the RENEWLINER product and/or similar infringing products;

c) Award CMS all damages adequate to compensate CMS for the infringement that has occurred, pursuant to 35 U.S.C. § 284, including lost profits, but in no event less than a reasonable royalty, plus prejudgment and post-judgment interest;

d) Award CMS an amount equal to adequate compensation for TSS's willful patent infringement, multiplied by three pursuant to 35 U.S.C. § 284;

e) Declare this an exceptional case within the meaning of 35 U.S.C. § 285 and that CMS be awarded attorney's fees, costs, and expenses incurred in connection with this action;

f) Issue a judgment that TSS is liable for false marking in violation of 35 U.S.C. § 292;

g) Award CMS all damages adequate to compensate for the injury suffered by it in consequence of TSS's violation of 35 U.S.C. § 292;

h) Award CMS the costs associated with bringing this action; and

i) Award CMS any further relief that this Court deems just and proper.

Dated: May 27, 2022                    DICKINSON WRIGHT PLLC

By:    /s/ *Mark H. Rogge*
      Mark H. Rogge
      **DICKINSON WRIGHT RLLP**
      800 W. California Avenue, Suite 110
      Sunnyvale, CA 94086
      Telephone: (408) 701-6200
      Facsimile: (844) 670-6009
      mrogge@dickinsonwright.com

Christopher A. Mitchell. (to be admitted *pro hoc vice*)
**DICKINSON WRIGHT PLLC**
200 Ottawa Ave NE, Suite 1000
Grand Rapids, MI 49503
(616) 336-1058
cmitchell@dickinsonwright.com

*Attorneys for Plaintiff Cellulose Material Solutions, LLC*

### DEMAND FOR JURY TRIAL

CMS demands a jury trial as to all claims and issues that are triable by jury in this action.

Dated: May 27, 2022                    DICKINSON WRIGHT PLLC

By:    /s/ *Mark H. Rogge*
      Mark H. Rogge.

*Attorneys for Plaintiff Cellulose Material Solutions, LLC*