UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CELLULOSE MATERIAL SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SC MARKETING GROUP, INC., <br><br> Defendant. | Case No. 22-cv-03141-LB <br><br> **ORDER REGARDING MOTION TO DISMISS COUNTERCLAIMS** <br><br> Re: ECF No. 80 |

    Plaintiff Cellulose Material Solutions claims that defendant SC Marketing Group infringes a patent for packaging insulation that keeps the package contents — for example, meal kits with food items — cool and fresh without the need for refrigerant packs. The patent is U.S. Patent No. 11,078,007 (the '007 patent). The parties are competitors.[1] Cellulose's insulation product is called InfinityCore, and SC Marketing's product is called Renewliner.[2]

    The parties' dispute grew out of a prior business relationship. SC Marketing alleges (in its amended answer) that the parties were collaborating during the relevant time period, it was SC marketing employees who "conceived of the idea for thermoplastic packaging insulation," and at

---

[1] Compl. – ECF No. 1 at 1–2 (¶ 1), 4 (¶ 16), 6 (¶ 30); U.S. Patent No. 11,078,007 (filed June 27, 2016) – ECF No. 1-1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl. – ECF No. 1 at 2 (¶ 2), 3 (¶ 15). The complaint capitalizes the product names.

ORDER – No. 22-cv-03141-LB

least SC Marketing President Sal Cardinale should have been included as a named inventor on the '007 patent. Among its eight counterclaims, SC Marketing asserts conversion and unjust enrichment.[3]

The court granted SC Marketing leave to amend its answer in August 2023, after which the conversion and unjust-enrichment counterclaims were added.[4] Cellulose now moves to dismiss those counterclaims under Federal Rule of Civil Procedure 12(b)(6) on the ground that they are untimely under California's three-year statute of limitations for conversion. Cellulose contends that the limitations period began to run on the date the '007 patent was published: December 28, 2017.[5] SC Marketing counters that the limitations period began to run on the date the patent issued: August 3, 2021.[6]

Under California law, there is a three-year statute of limitations for conversion claims. Cal. Civ. Proc. Code § 338(c)(1). The statute of limitations for an unjust-enrichment claim "is based on the underlying wrong," and here it is undisputed that the underlying wrong is the alleged conversion. *Focus 15, LLC v. NICO Corp.*, No. 21-CV-01493-EMC, 2022 WL 267441, at *11 (N.D. Cal. Jan. 28, 2022). A statute of limitations begins to run when the relevant claim "accrues," which occurs when it "is complete with all of its elements." *Slovensky v. Friedman*, 142 Cal. App. 4th 1518, 1528 (2006). Ordinarily, a claim is complete "on the date of the plaintiff's injury, [but] accrual is postponed until the plaintiff either discovers or has reason to discover the existence of a claim, i.e., [he] at least has reason to suspect a factual basis for its elements." *Id.* at 1528–29.

"[C]onversion is the wrongful exercise of dominion over another's personal property in denial of or inconsistent with his rights in the property." *In re Emery*, 317 F.3d 1064, 1069 (9th Cir. 2003). "To establish a conversion, plaintiff must establish an actual interference with his ownership or right of possession" of the property in question. *Del E. Webb Corp. v. Structural Materials Co.*, 123 Cal. App. 3d 593, 610 (1981). The elements are: "(1) the plaintiff's ownership

---

[3] Am. Answer – ECF No. 85.
[4] Order – ECF No. 82 at 3–6.
[5] Mot. – ECF No. 86.
[6] Opp'n – ECF No. 91.

or right to possession of the property; (2) the defendant's conversion by wrongful act inconsistent with the property rights of the plaintiff; and (3) damages." *In re Emery*, 317 F.3d at 1069.

The issue here is when Cellulose actually interfered with SC Marketing's alleged "ownership or right of possession." *Del E. Webb Corp.*, 123 Cal. App. 3d at 610. The answer must be the issuance date of Cellulose's patent because that is when Cellulose obtained its property right of exclusivity. 35 U.S.C. § 154(a)(2) (the grant of the right of exclusivity is "for a term beginning on the date on which the patent issues and ending 20 years from the date on which the application for the patent was filed"); *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 599 (Fed. Cir. 1985) ("The patent law in force at the time that Gould's patents were issued embodied a bundle of rights in implementation of [the right of] exclusivity."). Because the issuance date was less than three years before SC Marketing filed the counterclaims in question, the counterclaims are timely.

Cellulose contends that the language of the counterclaims dictates a different result because the counterclaims allege that Cellulose's filing the patent amounted to interference with SC Marketing's proprietary information.[7] The counterclaims also refer to the patent's issuance, though.[8] In any case, under the relevant law there was no actual interference until the patent's issuance.

In its reply brief, Cellulose also contends that the conversion and unjust-enrichment counterclaims are preempted. Cellulose reasons that in its opposition brief, SC Marketing altered those counterclaims by asserting that they "did not arise until the '007 Patent issued without including [Mr.] Cardinale as a named inventor," and state-law claims premised on a determination of inventorship are preempted under 35 U.S.C. § 256.[9] *Brown v. Brown*, No. CV 13-03318 SI, 2013 WL 5947032, at *7 (N.D. Cal. Nov. 5, 2013) ("Because [the] plaintiff's conversion claim is based on his contention that he was improperly omitted as an inventor . . . , [his] conversion claim as pled is preempted.").

---

[7] Reply – ECF No. 92 at 2.

[8] Am. Answer – ECF No. 85 at 11 (¶ 39), 12 (¶ 45).

[9] Reply – ECF No. 92 at 2–3.

Because the issue was first raised in the reply brief, the court orders as follows. SC Marketing must file a supplemental opposition by October 25, 2023, and Cellulose may file a supplemental reply by November 2, 2023. The court resets the motion hearing to November 30, 2023, and the hearing will concern the preemption issue only.

**IT IS SO ORDERED.**

Dated: October 18, 2023

_____
LAUREL BEELER
United States Magistrate Judge