1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                San Francisco Division

11   CELLULOSE MATERIAL SOLUTIONS, LLC,          Case No. 22-cv-03141-LB

12            Plaintiff,
                                                 **ORDER DENYING THE**
13         v.                                    **DEFENDANT'S SUMMARY-**
                                                 **JUDGMENT MOTION**
14   SC MARKETING GROUP, INC.,
                                                 Re: ECF No. 141
15            Defendant.

16

17       Plaintiff Cellulose Material Solutions claims that defendant SC Marketing Group (also known

18   as Thermal Shipping Solutions) infringes a patent for packaging insulation that keeps the package

19   contents — for example, meal kits with food items — cool and fresh without the need for

20   refrigerant packs. The patent is U.S. Patent No. 11,078,007 (the '007 patent). The parties are

21   competitors.[1] Cellulose's insulation product is called InfinityCore, and Thermal Shipping's product

22   is called Renewliner.[2]

23       Thermal Shipping moved for summary judgment of invalidity on two grounds: that an offer by

24   Cellulose to Thermal Shipping to sell a prototype of the invention, before the patent's filing date,

25

26   ───────────────

     [1] Compl. – ECF No. 1 at 1–2 (¶ 1), 4 (¶ 16), 6 (¶ 30); U.S. Patent No. 11,078,007 (filed June 27, 2016)
27   – ECF No. 1-1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to
     the ECF-generated page numbers at the top of documents.

28   [2] Compl. – ECF No. 1 at 2 (¶ 2), 3 (¶ 15). The complaint capitalizes the product names.

triggered the on-sale bar of 35 U.S.C. § 102; and that the Renewliner is anticipating prior art under § 102.[3] The court held a hearing on February 29, 2024. The court then issued an order denying the motion on the first ground but ordering additional briefing on the second. (The court incorporates that order by this reference.)[4] The parties then submitted the supplemental briefing.[5] The court denies the motion.

In short, the parties and some third parties engaged in commercial activity related to the claimed invention in the months leading up the patent's filing date (June 27, 2016). As relevant here, this activity took the form of two purchase orders, one in February 2016 (for Cellulose to ship product labeled "Renewliner" directly to Thermal Shipping's end customer DinnerThyme) and one in April 2016 (a sale of the Renewliner that was fulfilled for Thermal Shipping by its vendor Turner Fiberfill rather than Cellulose, for Thermal Shipping's end customer Juicero). The main issue is whether the subject matter of these two disclosures was obtained from Cellulose or previously disclosed by Cellulose publicly, such that the disclosures do not invalidate the '007 patent under the one-year grace period of the America Invents Act. 35 U.S.C. § 102(b)(1)(A)–(B).

First, the court already held that the subject matter of the February 2016 purchase order was received from the inventor within one year before the patent's filing date, such that the disclosure does not invalidate the patent under § 102(b)(1)(A) (or at least that Thermal Shipping did not carry its burden, by clear and convincing evidence, to show invalidity).[6] Cellulose submitted additional evidence that the product sold to DinnerThyme was Cellulose's claimed invention.[7]

Second, given that the February 2016 purchase order was a public disclosure by the inventor, it prevents the April 2016 purchase order from invalidating the patent. 35 U.S.C. § 102(b)(1)(B). The court thus denies the motion for summary judgment.

United States District Court
Northern District of California

---

[3] Mot. – ECF No. 141.

[4] Order – ECF No. 160.

[5] Cellulose's Suppl. Br. – ECF No. 170; Thermal Shipping's Suppl. Br. – ECF No. 173-3 (under seal).

[6] Order – ECF No. 160 at 7.

[7] Cellulose's Suppl. Br. – ECF No. 170 at 6 (citing summary-judgment evidence).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thermal Shipping contends that for purposes of the February and April 2016 purchase orders, it supplied Cellulose with the PET film that is part of the claimed invention, meaning that there were no inventor-originated disclosures that prevent the purchase orders from invalidating the patent. But supplying the raw material could still mean that Cellulose's named inventors conceived of the PET film component of the claimed invention.

Thermal Shipping also contends that the February 2016 purchase order was not a "public" disclosure by Cellulose, as required under § 102(b)(1)(B). Thermal Shipping cites a concurring opinion to a denial of en-banc review for the notion that § 102(b)(1)(B)'s requirement that an inventor "publicly disclosed" the claimed subject matter means something more than a private commercial sale. *Helsinn Healthcare S.A. v. Teva Pharms. USA, Inc.*, No. 2016-1284, 2018 WL 1583031, at *4 (Fed. Cir. Jan. 16, 2018) (O'Malley, J., concurring) ("If all prior art events — i.e., all 'disclosures' — recited in § 102(a) were already public disclosures, the word 'publicly' in § 102(b)(1)(B) would be redundant[.]"). But § 102(a) itself equates an invention's being on sale with a "public" disclosure. 35 U.S.C. § 102(a)(1) ("A person shall be entitled to a patent unless . . . the claimed invention was . . . on sale[] *or otherwise available to the public* before the effective filing date of the claimed invention.") (emphasis added).

Finally, Thermal Shipping argues that the February 2016 Renewliner and the April 2016 Renewliner were different because unlike Cellulose, which used an air-laid process to manufacture the product, Turner used a carding machine and a lapper. But it is unclear that the manufacturing process used results in a different product, and Cellulose counters that aside from "formation of a fibrous batt by carding and lapping, [t]he remaining aspects of the Turner Renewliner are, by [Thermal Shipping]'s own admission, the same as the '007 patent."[8]

In sum, the court denies the motion. This resolves ECF No. 141.

**IT IS SO ORDERED.**

Dated: May 10, 2024

LAUREL BEELER
United States Magistrate Judge

---

[8] *Id.* at 10.