UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CELLULOSE MATERIAL SOLUTIONS, LLC, | Case No. 22-cv-03141-LB |
| Plaintiff, | **AMENDED ORDER GRANTING MOTION FOR RECONSIDERATION AND GRANTING SUMMARY JUDGMENT AS TO INVALIDITY** |
| v. | |
| SC MARKETING GROUP, INC., | |
| Defendant. | Re: ECF Nos. 141, 238 |

**INTRODUCTION**

Plaintiff Cellulose Material Solutions claims that defendant SC Marketing Group (also known as Thermal Shipping Solutions) infringes a patent for packaging insulation that keeps the package contents — for example, meal kits with food items — cool and fresh without the need for refrigerant packs. The patent is U.S. Patent No. 11,078,007 (the '007 patent). The parties are competitors.[1] Cellulose's insulation product is called InfinityCore, and Thermal Shipping's product is called Renewliner.[2] Thermal Shipping previously moved for summary judgment of invalidity on two grounds: (1) an offer by Cellulose to Thermal Shipping to sell a prototype of the

---

[1] Compl. – ECF No. 1 at 1–2 (¶ 1), 4 (¶ 16), 6 (¶ 30); U.S. Patent No. 11,078,007 (filed June 27, 2016) – ECF No. 1-1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl. – ECF No. 1 at 2 (¶ 2), 3 (¶ 14). The complaint capitalizes the product names.

invention, before the patent's filing date, triggered the on-sale bar of 35 U.S.C. § 102; and (2) the Renewliner is anticipating prior art under § 102 because it was on sale before the patent's filing date.[3] In two orders, the court denied the motion.[4] Thermal Shipping moved for reconsideration in part (on the second ground), following the Federal Circuit's decision in *Sanho Corp. v. Kaijet Tech. Int'l Ltd.*, 108 F.4th 1376 (Fed. Cir. 2024). The court grants the motion: the Renewliner was on sale before the patent's filing date and that sale was not preceded by a public disclosure of the invention by Cellulose.

## LEGAL STANDARD

This district's local rules provide that a motion for reconsideration must be based on one of the following: (1) "a material difference in fact or law" relative to that "which was presented to the Court before entry" of the subject order, (2) "[t]he emergence of new material facts or a change of law," or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." N.D. Cal. Civ. L.R. 7-9(b). A district court can also "reconsider" non-final judgments pursuant to Federal Rule of Civil Procedure 54(b) and the court's "inherent power rooted firmly in the common law" to "rescind an interlocutory order over which it has jurisdiction." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Reconsideration is appropriate when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.*

## ANALYSIS

The issue is whether the Federal Circuit's *Sanho* decision, which was issued after the summary-judgment order, changed the law such that the outcome of the summary-judgment order should be different. The *Sanho* court interpreted the America Invents Act (AIA) and specifically 35 U.S.C.

---

[3] Mot. – ECF No. 141.

[4] Orders – ECF Nos. 160, 183.

§ 102(a)–(b), which are provisions that govern what constitutes prior art against a patent by reference to the patent's filing date.

Under 35 U.S.C. § 102(a)(1), a patent is invalid if "the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." But such a disclosure does not result in invalidity if it was made one year or less before the effective filing date and it "was made by the inventor or joint inventor or by another who obtained the subject matter disclosed directly or indirectly from the inventor or a joint inventor." *Id.* § 102(b)(1)(A). Also, a disclosure made one year or less before the patent filing date is not prior art if "the subject matter disclosed had, before such disclosure, been publicly disclosed by the inventor or a joint inventor or another who obtained the subject matter disclosed directly or indirectly from the inventor or a joint inventor." 35 U.S.C. § 102(b)(1)(B).

The requirements for the on-sale bar are "that the claimed invention (1) was the subject of a commercial offer for sale[] and (2) was ready for patenting." *Medicines Co. v. Hospira, Inc.*, 827 F.3d 1363, 1372 (Fed. Cir. 2016) (citing *Pfaff v. Wells Electronics, Inc.,* 525 U.S. 55, 67–68 (1988)). An offer for sale "does not have to be accepted to implicate the on sale bar." *Scaltech, Inc. v. Retec/Tetra, LLC*, 269 F.3d 1321, 1328 (Fed. Cir. 2001). But it must be "sufficiently definite." *Id.* "[T]he acceptance of [a] purchase order prior to [the critical date] makes it clear that such an offer had been made, and there is no question that the sale was commercial rather than experimental in character." *Pfaff,* 525 U.S. at 67. "The fact that delivery was set for dates after the critical date is irrelevant to the finding of a commercial offer to sell." *STX, LLC v. Brine, Inc.*, 211 F.3d 588, 590 (Fed. Cir. 2000).[5]

Here, the parties and some third parties engaged in commercial activity related to the claimed invention in the months leading up the patent's filing date (June 27, 2016). Relevantly here, this activity took the form of two purchase orders, one in February 2016 (for Cellulose to ship product labeled "Renewliner" directly to Thermal Shipping's end customer DinnerThyme) and one in April

---

[5] *See* Order – ECF No. 160 at 5 (discussing requirements for the on-sale bar); Mot. – ECF No. 238 (same).

AMENDED ORDER – No. 22-cv-03141-LB    3

2016 (a sale of the Renewliner that was fulfilled for Thermal Shipping by its vendor Turner Fiberfill rather than Cellulose, for Thermal Shipping's end customer Juicero).

The February 2016 purchase order does not trigger the on-sale bar because "a private or public sale by the inventor during the one-year grace period is not prior art." *Sanho*, 108 F.4th at 1380. The issue then is the April 2016 purchase order, which did not involve Cellulose. The court previously held that the February 2016 purchase order was a public disclosure by Cellulose such that the April 2016 purchase order did not disclose prior art (under § 102(b)(1)(B)). The court reasoned that "§ 102(a) itself equates an invention's being on sale with a 'public' disclosure."[6]

*Sanho* changes the picture. The court held that a "private sale" by the patentee, before the patent's filing date, is not the same as a public disclosure of the invention. *Id.* at 1385. "Section 102(b) appears to have as its purpose protection of an inventor who discloses his invention to the public before filing a patent application because the inventor has made his invention available to the public — a major objective of providing patent protection in the first place." *Id.* at 1382. But "publicly disclosed by the inventor" as that phrase is used in § 102(b) "must mean . . . that the invention was made available to the public," which a private sale does not accomplish by itself. *Id.* at 1381–85.

*Sanho* analyzed § 102(b)(2)(B), which concerns "patent applications filed by another," rather than § 102(b)(1)(B) (at issue here), which "refers to activities by the inventor or a third party." *Id.* at 1380–81. But the reasoning of *Sanho* applies here: both provisions require that the claimed invention be "publicly disclosed by the inventor" before the third party's disclosure for the third party's disclosure to not invalidate the patent. 35 U.S.C. § 102(b)(1)(B), (b)(2)(B). It follows that in both scenarios, a purely private sale by the inventor is not a public disclosure by the inventor. Thus, based only the only evidence at issue in the earlier-filed motion, the April 2016 purchase order, which reflects a sale offer by Thermal Shipping and which preceded the '007 patent's filing date, discloses prior art. 35 U.S.C. § 102(a)(1).

Cellulose's original opposition brief, which contained its core arguments in support of a different result, does not overcome *Sanho*. Regarding the April 2016 purchase order, Cellulose

---

[6] Order – ECF No. 183 at 2–3.

AMENDED ORDER – No. 22-cv-03141-LB                4

1  contended first that Turner Fiberfill didn't manufacture or ship any Renewliner product until after
2  the July 2016 patent-filing date.[7] But a commercial offer for sale is sufficient to satisfy the on-sale
3  bar of § 102(a)(1). *Medicines*, 827 F.3d at 1372.
4      Cellulose also argued that the February 2016 purchase order was a public disclosure by
5  Cellulose preceding Thermal Shipping's April 2016 purchase order.[8] This is the reasoning the court
6  previously adopted but that is now foreclosed by *Sanho*.
7      Finally, looking at the burdens that apply here, and as the court previously explained, "[w]hen
8  an alleged infringer attacks the validity of an issued patent," the law "places the burden of
9  persuasion on the attacker to prove invalidity by clear and convincing evidence." *Tech. Licensing*
10 *Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008) ("[T]he risk of decisional uncertainty
11 stays on the proponent of the proposition."). "A quite different burden is that of going forward with
12 evidence," which is "a shifting burden" that "mean[s] both producing additional evidence and
13 presenting persuasive argument based on new evidence or evidence already of record, as the case
14 may require." *Id.* Thermal Shipping, "having the ultimate burden of proving its defense of invalidity
15 based on anticipating prior art, . . . has the burden of going forward with evidence that there is such
16 anticipating prior art." *Id.* Cellulose then "has the burden of going forward with evidence" in
17 rebuttal, such as evidence "that the prior art does not actually anticipate." *Id.*
18     Again as the court explained before, Thermal Shipping met its initial burden with respect to the
19 purchase orders, because Cellulose alleges that the Renewliner satisfies all asserted claims of the
20 '007 patent. *CreAgri, Inc. v. Pinnaclife, Inc.*, No. 11-cv-6635-LHK, 2013 WL 6673676, at *4 (N.D.
21 Cal. Dec. 18, 2013), citing *Peters v. Active Mfg.*, 129 U.S. 530, 537 (1889) ("[T]hat which infringes,
22 if later, would anticipate, if earlier.") (cleaned up). Cellulose's two arguments above do not meet its
23 burden of going forward with evidence in rebuttal.
24     In sum, based on the record put forth in the earlier motion, the only sales at issue were the
25 February 2016 purchase order and the April 2016 purchase order. The February 2016 purchase

---

[7] Opp'n – ECF No. 149 at 16–17.
[8] *Id.* at 17–18.

AMENDED ORDER – No. 22-cv-03141-LB      5

order is a purely private sale. The April 2016 sales offer by Thermal Shipping preceded the '007 filing date and discloses prior art. 35 U.S.C. § 102(a)(1).

Cellulose raises four additional arguments: (1) the April 2016 sale was of subject matter that Thermal Shipping obtained at least indirectly from Cellulose; (2) the April 2016 sale may have offered products based on Cellulose samples; (3) Cellulose made public disclosures before the April 2016 sale; and (4) the facts are disputed that the April 2016 sale is prior art.[9]

**1. Subject Matter Obtained from Cellulose**

Cellulose has the burden of showing that the April 2016 sale involved "subject matter obtained, at least indirectly, from" Cellulose.[10] 35 U.S.C. § 102(b)(1)(A) ("A disclosure made 1 year or less before the effective filing date of a claimed invention shall not be prior art to the claimed invention under subsection (a)(1) if . . . (A) the disclosure was made by the inventor or a joint inventor or by another who obtained the subject matter disclosed directly or indirectly from the inventor or a joint inventor . . . ."). Cellulose identifies evidence that supports its argument that it conceived of the subject of the '007 patent before Thermal Shipping contributed to that conception.[11] But the issue is whether Cellulose has identified an antecedent disclosure to Thermal Shipping under § 102(b)(1)(A). The court's earlier summary-judgment order recounts the timeline: by June 2015, Thermal Shipping was working with its supplier Tim Wilson on the concept of an all-PET product with a PET batt and PET film adhered to both sides."[12] Cellulose's June 24, 2015, email did not show a batt with film attached to both sides or an all-PET product with film adhered to both sides, foldable without the need for creases, grooves, or cutlines.[13] Cellulose did not put forth evidence

---

[9] Opp'n – ECF No. 244-3 at 10–22.

[10] *Id.* at 10.

[11] Reply – ECF No. 247 at 7 (Thermal concedes that drawing inferences in Cellulose's favor, Cellulose "has pointed to evidence that, at most (and with all inferences in its favor), shows it conceived of the subject matter in the '007 patent before [Thermal Shipping] contributed to that conception.")

[12] Order – ECF No. 278 at 7–8 (summarizing evidence).

[13] *Id.* at 7 (summarizing evidence).

AMENDED ORDER – No. 22-cv-03141-LB        6

that it provided that concept or other aspects of the claimed invention that Thermal Shipping ultimately disclosed.

Cellulose also contends that Thermal Shipping's claim of joint inventorship renders Thermal Shipping's motion disingenuous because the disclosure in the April 2016 offer was either directly by alleged joint inventor Sal Cardinale or indirectly by Thermal Shipping, which obtained it from Cellulose (the employer of the named inventors of the '007 patent) and/or from Mr. Cardinale.[14] But Thermal Shipping's inventorship claim depends on whether Cellulose's Chris Benner (an inventor) independently conceived of the idea of all-PET product with a PET batt and PET film adhered to both sides before Thermal Shipping communicated that idea to him."[15] That is a different question than whether Thermal Shipping derived a concept from Cellulose. Thermal Shipping could have derived its idea without derivation regardless of whether Mr. Cardinale is a joint inventor.[16]

### 2. Subject of April 2016 Purchase Order

Cellulose contends that the subject of the April 2016 Juicero purchase order to Turner is in dispute because Thermal Shipping "may have offered Juicero product based on samples obtained from [Cellulose] (the only party making the product at the time and who had previously provided numerous samples to [Thermal Shipping]) or on the basis of the product literature which Sal Cardinale testified was in existence prior to May of 2016 and which shows the [Cellulose] created product."[17] This is speculation unsupported by evidence.

### 3. Public Disclosure

Cellulose contends that it publicly disclosed the subject matter of its invention.[18] But it made one private sale (the February 2016 sale discussed above that is not a public disclosure on *Sanho*) and

---

[14] Opp'n – ECF No. 244-3 at 16.

[15] Order – ECF No. 278 at 7–8 (summarizing evidence).

[16] Reply – ECF No. 247 at 10 (making this argument).

[17] Opp'n – ECF No. 244-3 at 17.

[18] *Id.* at 18–20.

provided two samples: one to Thermal at Thermal's request and one to Thermal's customer Munchery, again at Thermal's request. The two samples are not public disclosures. Communications with Thermal are not public disclosures.[19]

Cellulose nonetheless cites *Minerva Surgical, Inc. v. Hologic, Inc.*, for the proposition that distribution of samples is public disclosure.[20] 59 F.4th 1371, 1373, 1376–78 (Fed. Cir. 2023). *Minerva* is distinguishable because it involved patents invalidated under the public-use bar of pre-AIA section 102, which did not include the exceptions of the current section 102(b). *Id.* at 1373 ("the district court granted summary judgment that the asserted claims are anticipated under the public use bar of pre-AIA 35 U.S.C. § 102(b)"). *Sanho* rejected this approach. 108 F.4th at 1384 (discussing public-use bar and stating, "Our cases also do not remotely suggest that the reasons for an expansive view of what constitutes commercial 'public use' would apply with equal force to the exception from prior art for subject matter "publicly disclosed' in section 102(b)(2)(B). Indeed, our cases suggest the opposite.") *Minerva* also involved showcasing a medical device at an industry conference open to the public, activity markedly different than sending two samples. *Id.* at 1376–78.[21]

Cellulose also points to the absence of confidential agreements accompanying these disclosures.[22] This does not change the outcome. *Sanho*, 108 F.4th at 1385 (no public disclosure; noted that "there was no confidentiality or nondisclosure agreement").

Cellulose asserts that *Sanho* "creates new issues that warrant reopening discovery for limited purposes or, at the very least, counsel in favor of developing testimony at trial that may bear on these issues. Issues implicated by the *Sanho* decision include, for example, the full extent of [Thermal Shipping's] own 'public disclosure,' within the context of Section 102 now created by *Sanho*, of the [Cellulose]-created . . . product to potential customers and others before, or in connection with, the

---

[19] *See id.* (summarizing the communications and samples).
[20] *Id.* at 20.
[21] *See* Reply – ECF No. 247 at 14–15 (making this argument more fully).
[22] Opp'n – ECF No. 244-3 at 19–20.

alleged Juicero 'offer.'"[23] But Thermal Shipping's invalidity contentions alleged that the '007 patent was invalid for the on-sale bar based on sales that Thermal made in 2016.[24] Cellulose's summary assertion that discovery will illuminate the issue is not supported by any examples. *Sanho* is an intervening decision on a legal issue that does not discernably affect discovery given that inventorship and the on-sale bar have always been part of this lawsuit.

Thermal Shipping concludes that Cellulose's activities were not publicized and do not show that Cellulose made its product generally available to the public.[25] It bolsters this conclusion with archived snapshots of Cellulose's website from late 2015 through August 2016 that show no marketing of an all-PET product like the one here and instead showed marketing only of an insulation product made from paper.[26] Without evidence of public disclosure, the exception does not apply.

### 4. Prior Art

Cellulose contends that there are disputes of fact about whether the April 2016 Juicero purchase order for Renewliner is a prior offer for sale of the product in the '007 patent.[27] There are not. As discussed above, the court held previously that that 2016 Renewliner was anticipating art.[28] In its

---

[23] *Id.* at 21–22 (emphasis omitted).

[24] Reply – ECF No. 247 at 17 (making this argument); Invalidity Contentions – ECF No. 63-4 at 5 (p. 4).

[25] Mot. – ECF No. 238 at 15: Reply – ECF No. 247 at 15.

[26] Mot. – ECF No. 238 at 15 & Screenshots, Exs. 2–4 to Mays Decl. – ECF Nos. 238-3–238-5. Cellulose asked the court to disregard these because they are authenticated only by a lawyer, who cannot be a witness at trial, and in any event were given to Cellulose on September 27, 2024, after the close of fact and expert discovery (January 5 and August 9, respectively), without justification. Opp'n – ECF No. 244-3 at 21. At summary-judgment, courts "do not focus on the admissibility of the evidence's form . . . [but] instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). The court cannot discern prejudice from screenshots of a party's admissions that were in its possession. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) ("Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.").

[27] Opp'n – ECF No. 244-3 at 20–21.

[28] Order – ECF No. 160 at 7.

original motion, Thermal Shipping presented undisputed evidence from its expert and others that 2016 Renewliner is materially identical to the current version of Renewliner that Cellulose accuses of infringement.[29]

**CONCLUSION**

In sum, the court reconsiders its earlier orders and grants summary judgment to Thermal Shipping: the asserted claims are invalid as a matter of law.

**IT IS SO ORDERED.**

Dated: December 14, 2024

LAUREL BEELER
United States Magistrate Judge

---

[29] Mot. – ECF No. 238 at 11–12 (summarizing the evidence that was the basis for the court's earlier order).